UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ___ ENTERED
___ RECEIVED
LODGED ___

APR 11 2025

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY: ___ DEPUTY

--------------------------------------------------------------

**Charles Kenyatta Jr**

      **Claimant,**

      **-vs-**

**United States Department of the Interior**

**National Park Service**

      **Defendants.**

--------------------------------------------------------------

Civil Case No: SAG 25 CV 1228

**CIVIL COMPLAINT**

---

Please take notice, to the above-entitled:

Charles Kenyatta Jr., Claimant herein, being duly sworn, deposes and says:

1. I am the Pro-Se claimant herein.
2. I make this motion, The Original Claim Statement of Facts Relevant to the claim herein:

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, Charles Kenyatta Jr, for their Complaint against the United States Department of the Interior and the National Park Service (collectively, "Defendants"), respectfully alleges as follows:

---

**I. INTRODUCTION**

1. This is a civil rights and cultural preservation lawsuit challenging the continued operation, commercialization, and public celebration of the Hampton National Historic Site in Towson, Maryland, a former plantation where enslaved African Americans were held in bondage and subjected to brutal conditions.

2. Plaintiff is a descendant of enslaved individuals who lived and labored on the Hampton Plantation. Plaintiff brings this lawsuit in honor of their direct lineage, including their **father and grandfather**, who were themselves enslaved. This case is

grounded in personal, generational trauma that has never been addressed, acknowledged, or repaired by the federal government.

3. The ongoing use of the plantation grounds for celebrations, commercial ticket sales, and a public gift shop causes Plaintiff significant emotional distress, represents cultural exploitation, and reflects a broader government failure to respectfully preserve sites of Black trauma.

4. Defendants have allowed and encouraged the use of Hampton Plantation for events such as weddings, birthday parties, and other milestones, while also selling tickets and operating a commercial store. These uses are fundamentally incompatible with the historical atrocities committed on that land.

5. It is further horrific and deeply offensive that a plantation—where Black people were enslaved, tortured, and dehumanized—has been designated a "historic site" for public enjoyment. This decision is traumatic and disrespectful to the Black community, particularly to the descendants of enslaved people in the United States.

6. The government would never consider making a Holocaust gas chamber site a location for celebrations or hanging portraits of Hitler—so why is it acceptable for white institutions to glorify plantation houses with photos and curated tours that fail to center the truth of slavery?

7. The current use and preservation of Hampton Plantation as a tourist attraction without a restorative justice model or active engagement with descendants of the enslaved constitutes a violation of civil rights principles rooted in the Equal Protection Clause of the Fourteenth Amendment.

8. By ignoring the cultural trauma and racial sensitivity surrounding the site, and by failing to provide any meaningful restitution or inclusion of Black voices in its management, Defendants perpetuate systemic racial inequality and deny Black Americans equal access to dignity and historical truth.

9. The federal government has returned lands to Native American tribes and recognized their sovereignty after acknowledging centuries of genocide and displacement. Yet, Black Americans—whose ancestors were enslaved, tortured, and forced to build the foundations of this country—have received no comparable restitution or return of land. This disparity is unjust, discriminatory, and a violation of the government's moral and constitutional responsibility to all its citizens.

10. Plaintiff has also discovered evidence of the site being used for engagement and wedding photo sessions. One such example appears on a photography website

where the photographer wrote, *"We decided to shoot at one of my local favorite spots, Historic Hampton Mansion in Towson, MD. If you've never been there it's absolutely stunning. It reminds me so much of Charleston and the south! There is so much open space and gorgeous architecture. We had so much fun exploring the site for their Hampton Mansion Engagement and they trusted my vision every step of the way!"* Statements like these are a complete disregard of the site's violent legacy and are deeply disrespectful to Plaintiff, the Black community, and all descendants of the enslaved. Treating a former slave plantation as a romantic backdrop is not only offensive, it is a form of cultural erasure. **This is disgusting—people were raped, tortured, beaten, forced into labor, degraded, and oppressed on this very land.** For the federal government to allow weddings, engagements, and beauty pageants on such sacred and violent soil is a total disrespect and a slap in the face to the Black community and to the memory of those who suffered and died there.

11. In addition, Plaintiff observed that all publicly available engagement, wedding, and family photo sessions conducted at the Hampton National Historic Site exclusively feature white individuals. This pattern further illustrates how the site is being used to elevate white narratives and aesthetics, while completely disregarding the historical trauma and cultural significance of the land for Black Americans. This exclusion is not incidental—it is systemic. It is evidence of a racialized use of public land that inflicts emotional harm on Black descendants and contributes to the ongoing erasure of enslaved people's suffering. Such one-sided representation reinforces a legacy of white privilege at the expense of truth, equity, and justice.

12. Plaintiff seeks declaratory and injunctive relief to prohibit further commercialization of the site, mandate the establishment of a Descendants Council, and require the recontextualization of the space to honor those who were enslaved there. Ultimately, Plaintiff seeks the permanent **closure of the site to the general public,** or in the alternative, that **ownership of the land be transferred to a coalition of descendants** to be used for the benefit of the Black community—including the development of schools, churches, cultural centers, and other institutions that uplift and heal.

---

## II. JURISDICTION AND VENUE

13. This Court has jurisdiction under 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343 (civil rights), and the Federal Tort Claims Act (28 U.S.C. §2671 et seq.).

14. Venue is proper in this district under 28 U.S.C. §1391 because the events giving rise to the claims occurred in Maryland, and Defendants are federal agencies operating within this district.

---

## III. PARTIES

15. Plaintiff Charles Kenyatta Jr is a United States citizen and resident of New York, and a descendant of African Americans enslaved at the Hampton Plantation. Plaintiff's **father and grandfather were themselves enslaved,** making this a deeply personal case of generational harm and unresolved historical injustice.

16. Defendant United States Department of the Interior is a federal agency responsible for managing public lands and cultural heritage sites through the National Park Service.

17. Defendant National Park Service is a bureau within the Department of the Interior responsible for the operation and management of Hampton National Historic Site.

---

## IV. CLAIMS FOR RELIEF

### COUNT I — Intentional Infliction of Emotional Distress

18. Defendants' conduct in commercializing a site of ancestral trauma and inviting public celebration on the grounds of enslavement constitutes outrageous conduct that causes Plaintiff ongoing emotional distress.

19. *See Harris v. Jones*, 281 Md. 560, 380 A.2d 611 (1977) (establishing criteria for intentional infliction of emotional distress under Maryland law).

### COUNT II — Violation of Civil Rights (Equal Protection Clause)

20. Defendants' policies and practices show a disregard for Black cultural trauma and deny descendants meaningful input in how sacred historical sites are managed.

21. Defendants' ongoing endorsement of the plantation as a "historical site" for celebration and profit demonstrates systemic bias and perpetuates racial inequality in the stewardship of federally protected spaces.

22. *See Brown v. Board of Education*, 347 U.S. 483 (1954); *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977).

### COUNT III — Misuse of Federal Property / Public Trust Doctrine

23. The use of a former slave plantation for commercial gain and recreation undermines the ethical use of public land and violates the government's duty to preserve history with integrity.

## COUNT IV — Government Negligence

24. Defendants have failed in their duty to engage communities impacted by the legacy of slavery in the stewardship of this historic site.

---

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' current use of Hampton National Historic Site is unconstitutional and culturally harmful;

B. Issue an injunction halting all commercial, celebratory, or recreational uses of the site;

C. Require the establishment of a Descendants Council to guide future use and interpretation of the site;

D. Mandate a full historical audit and redesign of the site to prioritize education, memorialization, and truth-telling;

E. Order the **closure of Hampton National Historic Site to the general public**, or, alternatively, order the **transfer of ownership and stewardship of the land to a legally recognized descendants coalition**;

F. Require that the land be repurposed to directly benefit the Black community, including the development of schools, churches, and cultural institutions;

G. Award Plaintiff **$1,000,000,000 (One Billion Dollars)** in compensatory and/or punitive damages for emotional distress, cultural trauma, and systemic discrimination;

H. Grant any other relief the Court deems just and proper.

Respectfully submitted,

*Charles Kenyatta Jr*

**Charles Kenyatta Jr 22B3002**

**Collins Correctional Facility**
**PO Box 340**
**Collins, NY 14034**