**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CHARLES KENYATTA, JR,                         *
                                              *
                    Plaintiff,                *
                                              *
v.                                            *        Civil Case No.: SAG-25-01228
                                              *
UNITED STATES DEPARTMENT OF THE               *
INTERIOR and NATIONAL PARK SERVICE,           *
                                              *
                    Defendants.               *
                                              *

*    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM OPINION**

Plaintiff Charles Kenyatta, Jr. ("Plaintiff"), who is self-represented, filed an Amended

Complaint against Defendants United States Department of the Interior and National Park Service

(collectively, "Defendants"), seeking relief related to the operation of the Hampton National

Historic Site in Towson, Maryland ("Hampton Site"). ECF 8. Defendants filed a motion to dismiss,

citing both lack of standing and sovereign immunity. ECF 21. Plaintiff opposed the motion, ECF

23, and no reply has been filed. This Court has reviewed the filings and finds that no hearing is

necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Defendants' motion

will be granted.

**I.    Factual Background[1]**

The Hampton Site is "a former plantation where enslaved African Americans were held in

bondage and subjected to brutal conditions." ECF 8 ¶ 1. Defendants "have allowed and encouraged

the use of Hampton Plantation for events such as weddings, birthday parties, or other milestones,

---

[1] The facts in this section are derived from Plaintiff's Amended Complaint, ECF 8, and are taken
as true for purposes of this motion.

while also selling tickets and operating a commercial store." *Id.* ¶ 4. Plaintiff's fourth great-grandmother and grandfather were enslaved. *Id.* ¶ 2. Plaintiff alleges that the present use of Hampton Plantation constitutes cultural exploitation and "reflects a broader government failure to respectfully preserve sites of Black trauma." *Id.* ¶ 3. He seeks a declaration "that Defendants' current use of Hampton National Historic Site is unconstitutional and culturally harmful," an injunction "halting all commercial, celebratory, or recreational uses of the site," closure of the site to the general public or the transfer of ownership and stewardship to "a legally recognized descendants coalition," and one billion dollars in damages "for emotional distress, cultural trauma, and systemic discrimination," among other relief. ECF 8 Sec. V.

## II.    Legal Standards

A federal court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–102 (1998)). When a Rule 12(b)(1) motion contests the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction rests with the plaintiff. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A district court should grant a motion to dismiss for lack of subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Morgan Stanley v. Babu*, Case No.: GJH-19-489, 448 F. Supp. 3d 497, 503 (D. Md. 2020) (quoting *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018)).

Because Plaintiff is self-represented, all of his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does

2

not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III.   Motion to Dismiss

As the Supreme Court has explained, the standing doctrine is "built on a single basic idea — the idea of separation of powers." *FDA v. All. for Hippocratic Medicine*, 602 U.S. 367, 378 (2024) (quoting *United States v. Texas*, 599 U.S. 670, 675 (2023)). To ensure that the federal courts do not encroach on the purview of the legislative or executive branches, Article III of the United States Constitution restricts the jurisdiction of the federal courts to actual "Cases" and "Controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2. In other words, Article III standing exists only where "questions [are] presented in an adversary context." *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007) (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)). At this stage of his case, to establish standing, Plaintiff must plead facts to plausibly

establish standing, because it "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Overbey v. Mayor of Balt.*, 930 F.3d 215, 227 (4th Cir. 2019) (quoting *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

Thus, Plaintiff's Complaint must include factual allegations to plausibly establish (1) that he "suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) that his injury is "fairly traceable to the challenged action of the defendant"; and (3) that his injury is capable of redress "by a favorable decision." *Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009) (quoting *Friends of the Earth v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). Those "separate criteria" each must be satisfied. *Griffin v. Dep't. of Lab. Fed. Credit Union*, 912 F.3d 649, 653 (4th Cir. 2019). The injury asserted must be more than a simple failure of government officials to comply with the law. *See Lujan*, 504 U.S. at 577 (noting that Congress cannot "convert the undifferentiated public interest in executive officers' compliance with the law into an 'individual right' vindicable in the courts."); *Whitmore v. Arkansas*, 495 U.S. 149, 160 (1990) ("[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court.") (quoting *Allen v. Wright*, 468 U.S. 737, 754 (1984)); *see also United States v. Hays*, 515 U.S. 737, 743 (1995) ("[W]e have repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power.").

Plaintiff is unable to fulfill the first prong of the standing analysis because he fails to allege a specific present harm that is concrete and particularized to him, rather than systemic race-based injustices that are too generalized to constitute "injury-in-fact." He has alleged that Defendants' operation of the Hampton Site is unlawful but has not explained how he has suffered concrete or

particularized harm, other than emotional trauma and distress from observing the misuse. But the Fourth Circuit has explained that "the injury in fact requirement protects the federal courts 'from becoming a vehicle for the vindication of the value interests of concerned bystanders'" and "screens out plaintiffs who might have only a general legal, moral, ideological, or policy objection to a particular government action." *Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Soc. Sec. Admin.*, 2025 WL 1249608, at \*29 (4th Cir. Apr. 30, 2025) (quoting *All. for Hippocratic Medicine*, 602 U.S. at 381–82 (2024)). Plaintiff has legal, moral, ideological, and policy objections to the present use of the Hampton Site and it may be that his views are shared by a multitude of others. But he has not shown particularized or concrete harm to him from that use as required to establish standing to sue.

Plaintiff argues that he has suffered "stigmatic, dignitary, and exclusionary injuries caused by discriminatory government conduct." ECF 23 at 2. But he has not alleged the type of particularized stigmatic, dignitary, or exclusionary injuries described in the cases he cites. In *Allen v. Wright*, 468 U.S. 737 (1984), the Supreme Court found the plaintiffs, parents of black children attending public schools, lacked standing to challenge the IRS's procedures for denying tax-exempt status to racially discriminatory private schools. The Court explained that stigmatizing injury caused by racial discrimination accords standing "only to 'those persons who are personally denied equal treatment' by the challenged discriminatory conduct." *Allen*, 468 U.S. at 755 (quoting *Heckler v. Mathews*, 465 U.S. 728, 740 (1984)). Plaintiff has not alleged any circumstance where he personally suffered discrimination relating to the Hampton Site. In *Heckler v. Mathews*, 465 U.S. 728 (1984), the Supreme Court determined that the plaintiff had standing because he was a man receiving Social Security Benefits and alleged that he received fewer benefits than a similarly situated woman. Plaintiff, by contrast, is not personally and concretely experiencing unequal

5

treatment. And in *Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656, 666, 668–68 (1993), the Supreme Court determined that the construction contractors' association had standing to challenge an ordinance setting aside a percentage of city contracts for minority businesses because its members were able and ready to bid on such contracts but alleged that the ordinance prevented them from doing so on an equal basis. Plaintiff has not alleged that Defendants denied him equal access regarding the Hampton Site.

Ultimately, Plaintiff has alleged emotional distress stemming from his intense moral and ethical objection to the government's ongoing actions. That harm, however, fails to meet the requirement of concrete and particularized injury, and Plaintiff therefore lacks constitutional standing to sue.[2]

## IV.     Conclusion

For the reasons set forth above, Defendants' motion to dismiss, ECF 21, is GRANTED and Plaintiff's claims are dismissed without prejudice. A separate Order follows.


Dated: June 23, 2026                               /s/
                                          Stephanie A. Gallagher
                                          United States District Judge

---

[2] Because this Court lacks subject-matter jurisdiction, it will not reach the sovereign immunity arguments Defendants raise.